DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas which affirmed the decision of the Ohio Unemployment Compensation Review Commission ("the commission") denying unemployment compensation to appellants,
Aurea J. Stoll, Shirley V. Kane, and Bonnie J. Ishler. For the reasons that follow, we affirm the decision of the common pleas court.
Appellants raise the following assignments of error:
"Assignment of Error Number One:
 "The Common Pleas Court erred in finding that the Unemployment Compensation Review Commission's decision was supported by the manifest weight of the evidence where the Hearing Officer made no findings of fact as to inconsistencies among members of the same class raised by Plaintiffs/Appellants at the March 2, 2001 hearing.
"Assignment of Error Number Two:
 "The Unemployment Compensation Review Commission's decision was unlawful, unreasonable, and against the manifest weight of [the] evidence by finding that the claimants received deductible pension or severance pay for the weeks in issue where the special separation settlement was paid out of the pension fund and was not severance pay or otherwise deductible from the claimants' unemployment compensation benefits.
"Assignment of Error Number Three:
 "The Unemployment Compensation Review Commission's decision was unlawful, unreasonable or against the manifest weight of [the] evidence where the record testimony refers to an internal inconsistency as to which claimants were awarded benefits and subject to no disqualification while other claimants were subjected to disqualification with no explanation or rationale for the distinction.
"Assignment of Error Number Four:
 "The Unemployment Compensation Review Commission's decision was unlawful, unreasonable or against the manifest weight of the evidence where the UCRC improperly allocated vacation pay to those claimants who received vacation pay at the time of the separation and held that the vacation pay was deductible.
"Assignment of Error Number Five:
 "The Unemployment Compensation Review Commission's decision was unlawful, unreasonable or against the manifest weight of [the] evidence."
The following facts are relevant to this appeal. Appellees, Owens-Brockway Glass Container, Owens-Illinois Central, and Owens-Brockway Plastic Products, offered some of its employees a "Special Separation Program," whereby those who volunteered to participate would separate from their employment and, in return, receive certain "enhanced benefits." In particular, the separation program provided that the participating employees would receive: (1) an unreduced retirement benefit, based on the employee's length of credited service and earnings at the time of separation; (2) "[a] Special Separation Supplement equal to 7% of the current annual base salary for each year of credited service, up to 20 years of credited service (a maximum of 140%)"; and (3) an opportunity to continue life and health care coverage for up to six months after separation; thereafter, coverage would be available through the Company-sponsored Salary Retirement Health Care Plan.
Appellants each participated in the separation program and sought to receive unemployment compensation benefits upon their separation. The Ohio Department of Job and Family Services ("ODJFS") disallowed appellants' requests for benefits. Appellants appealed the denial of benefits to the commission. On March 2, 2001, a hearing was held and testimony was taken.
The commission initially held that appellants were qualified to receive unemployment compensation benefits, insofar as they were separated from their employment due to a lack of work, pursuant to R.C.4141.29(D)(2)(a)(ii), effective at the time of the incidents subject to this appeal. The commission, however, disallowed unemployment benefits on the basis that appellants received deductible separation pay, i.e. the "Special Separation Supplement" ["the supplement"] and/or vacation pay, upon their separation from the company, which exceeded their weekly benefit amount.
It is undisputed that unemployment compensation benefits, to which a claimant is otherwise entitled, must be reduced by certain remuneration received, such as, "separation or termination pay" and "vacation pay". R.C. 4141.31(A)(4) and (5). Thus, the pertinent issues before the commission were (1) whether the supplement payment received by appellants was actually "separation or termination pay," as contemplated by R.C.4141.31(A)(4), and, thus, would act to reduce appellants' unemployment benefits; and (2) whether the sums received by appellants in the form of vacation benefits would act to reduce appellants' benefits.
Appellants argued to the commission that the supplement payment received by them should be treated the same as their vested pension, i.e., should not act to reduce their unemployment benefits, because (1) the supplement was paid out of the pension fund; and (2) the supplement was rolled over into a 401K, along with their pension, in order to avoid the tax consequences. The commission, however, found that regardless of the source of the funds, the nature of the supplement was that of "an incentive by the employer to entice as many individuals as possible to accept a voluntary separation from employment so that involuntary separations would be limited." Further, the commission found that the supplement "would not have been payable if the claimants had not elected to separate under the special separation program" and was "an enhancement to each claimant's vested pension." As such, the commission held that the supplement satisfied the definition of separation pay, as set forth by O.A.C. 4141-30-01, and therefore had to be deducted from the amount of unemployment benefits to which appellants were otherwise entitled.
The commission's decision was appealed to the Lucas County Court of Common Pleas. The common pleas court affirmed the commission's decision and found that the decision "was not unlawful, unreasonable or against the manifest weight of the evidence."
In reviewing the commission's decision, an appellate court has the duty to determine whether the decision is supported by the evidence in the record; however, it is not permitted to make factual findings or determine the credibility of witnesses. Tzangas, Plakas Mannos v.Administrator, Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 696, citing Irvine v. Unemp. Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15, 18. A reviewing court, whether it be the common pleas court or the Ohio Supreme Court, may only overturn the commission's decision if it was "unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.28(N)(1), effective at the time of the incidents subject to this appeal; and Tzangas, supra.
For clarity, we will address appellants' assignments of error in the following order: second, fourth, first and third combined, and fifth. Appellants argue in their second assignment of error that the commission's decision was unlawful, unreasonable, and against the manifest weight of the evidence by finding that the claimants received deductible pension or severance pay for the weeks in issue where the special separation settlement was paid out of the pension fund and was not severance pay or otherwise deductible from the claimants' unemployment compensation benefits. We disagree.
Whether lump sum payments are considered "separation, termination, or retirement pay as contemplated by R.C. 4141.31(A)" is a question of fact for the commission to determine. Flower Mem. Hosp. v. Kansorka (Jan. 21, 1994), Lucas App. No. L-93-074. We agree with the commission that the fact that the supplement payment arguably came out of a retirement fund account does not automatically classify that portion of appellants' lump sum payments as retirement funds. Rather, in this case, we must look to the Ohio Administrative Code to determine whether the commission's finding was unlawful, unreasonable, or against the manifest weight of the evidence. With respect to the issue of separation pay, O.A.C. 4141-30-01
states as follows:
 "Payments made to employees in return for their agreeing to a separation from employment shall be deducted from unemployment benefits otherwise payable to them as provided under section 4141.31 of the Revised Code. Such payments shall be deemed to be remuneration in the form of separation pay."
In return for participating in the Special Separation Program, appellants received their full, unreduced retirement benefit, based on their length of credited service and earnings at the time of separation, plus the additional supplement payment. These incentives were offered "in lieu of" severance benefits, and were of a greater value than would otherwise be available under the company's severance policy. As such, we find that the "Special Separation Supplement" payments could properly be characterized as separation pay, i.e., "[p]ayments made to employees in return for their agreeing to a separation from employment." See O.A.C.4141-30-01.
Appellants, however, argue that Kansorka, supra, established that lump sum payments from an employer financed pension fund "was neither separation nor retirement pay but rather `* * * a special payment which is not deductible from unemployment compensation benefits under Section4141.31(A), Revised Code of Ohio,' [citation omitted]." We, however, find appellants' argument to be misplaced. First, Kansorka established that the nature of a lump sum payment is a question of fact to be determined by the commission. Second, we find O.A.C. 4141-30-01
instructive on this issue. O.A.C. 4141-30-01, however, did not become effective until June 1996, after the release of Kansorka in January 1994.
Accordingly, we find that the commission's decision to reduce the amount of unemployment benefits by the amount of the "Special Separation Supplement" payments received was not "unlawful, unreasonable, or against the manifest weight of the evidence." Appellants' second assignment of error is therefore found not well taken.
Appellants argue in their fourth assignment of error that the commission improperly held that the vacation pay was deductible from their unemployment compensation benefits. We disagree. R.C. 4141.31(A)(5) states that benefits for any week shall be reduced by the amount of remuneration a claimant receives as vacation pay. R.C. 4141.31(A)(5) clearly sets forth the manner in which lump sum vacation payments are to be allocated throughout the benefit period. We find that the commission properly applied the statute to appellants. Moreover, we find the case relied upon by appellants, Budd Co. v. Mercer (1984), 14 Ohio App.3d 269, to be inapposite to the case at hand. Budd concerned a labor-management contract and allocated, enforced vacations; none of which are present in this case.
Accordingly, we find that the commission's decision to reduce the amount of benefits by the amount of vacation pay received, in accordance with R.C. 4141.31(A)(5), was not "unlawful, unreasonable, or against the manifest weight of the evidence." We therefore find appellants' fourth assignment of error not well taken.
Appellants argue in their first and third assignments of error that the commission's decision was unlawful, unreasonable, and not supported by the manifest weight of the evidence insofar as it did not address or consider the inconsistent award of unemployment compensation benefits to some individuals and not to others, who were similarly situated. We disagree.
There are obvious references in the transcript of the hearing that some individuals who partook in the voluntary "Special Separation Program" received unemployment compensation, whereas appellants did not. Nevertheless, as the hearing officer correctly stated, the commission can only review ODJFS decisions that are appealed to it. See R.C. 4141.28(J). The commission is separate from ODJFS and has no authority to review whether ODJFS correctly handled other cases not appealed to the commission. Accordingly, we find that the commission was not required to make a specific finding with respect to the apparent inconsistencies among ODJFS decisions.
We are not unsympathetic to appellants' frustration regarding the fact that some of their former co-workers received unemployment compensation and they did not. However, we note that the fact that other claimants, in arguably identical situations, received unemployment compensation benefits does not require the commission to grant appellants benefits. Rather, the commission is required to review the facts of the cases before it, apply the applicable statutory sections, and make its decisions accordingly. Without any evidence concerning the other cases, the commission, and this court, for that matter, have no way of knowing whether the claimants who received benefits had a different set of facts than appellants, or whether ODJFS erroneously awarded benefits to the other claimants. In any event, the outcome of claims for unemployment compensation, which are not part of this record, has no impact on appellants' claims for benefits. Accordingly, appellants' first and third assignments of error are found not well-taken.
In their fifth assignment of error, appellants summarily reiterate their previously raised arguments. Based on our determination of the foregoing assignments of error, we find appellants' fifth assignment of error not well taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.